# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

| | |
|---|---|
| AMERICAN FREE ENTERPRISE CHAMBER OF COMMERCE,<br><br>*Petitioner*,<br><br>v.<br><br>AUDREY ROBERTSON, et al.,<br><br>*Respondents.* | Case No. 26-1092 |
| STATE OF IOWA,<br><br>*Petitioner*,<br><br>v.<br><br>AUDREY ROBERTSON, et al.,<br><br>*Respondents.* | Case No. 26-1206 |

## UNOPPOSED MOTION TO HOLD
## CONSOLIDATED CASES IN ABEYANCE

Petitioners American Free Enterprise Chamber of Commerce ("AmFree") and the State of Iowa respectfully move this Court to hold these consolidated cases in abeyance for 60 days to consider next steps. The motion is unopposed.

1. Under the Corporate Average Fuel Economy ("CAFE") program, the U.S. Department of Transportation must set maximum feasible average fuel economy

1

standards for automaker fleets. 49 U.S.C. § 32902(a). Although Congress forbade the Department of Transportation from considering electric vehicles when setting fuel economy standards for automakers, *id.* §§ 32901(a), 32902(h)(1), the U.S. Environmental Protection Agency ("EPA") must include electric vehicles when measuring automakers' average fuel economy for compliance with fuel economy standards, *id.* § 32904(a)(2).

2. Electric vehicles do not burn gallons of fuel to propel their engines—they use watt-hours of electricity stored in their batteries. To ensure an apples-to-apples comparison between the efficiency of gasoline vehicles (gallons of fuel) and electric vehicles (watt-hours), Congress assigned the U.S. Department of Energy ("DOE") the duty of determining the gasoline "equivalent" fuel economy values for electric cars, based on four statutory factors. *Id.* § 32904(a)(2)(B).

3. Starting in 2000, DOE began artificially inflating the efficiency of electric vehicles in this calculation by including a "fuel content factor" of 1/0.15, or nearly 7, in a bid to encourage automakers to go electric. 65 Fed. Reg. 36,986 (June 12, 2000). In 2024, the prior administration readopted this "fuel content factor" despite concerns about its legality; instead of eliminating this artificial incentive, the agency's rule gradually phased it out. 89 Fed. Reg. 22,041 (Mar. 29, 2024).

4. A coalition of states and AmFree challenged DOE's 2024 rule in this Court. *Iowa v. Wright*, 154 F.4th 918 (8th Cir. 2025). The Court vacated, holding that the

2

statute "does not empower DOE to include a fuel content factor of 1/0.15." *Id.* at 943. The Court also "remand[ed]" so DOE could promulgate a replacement rule for model years 2024 and later consistent with the Court's decision. *Id.* at 953.

5. Petitioners in these consolidated cases—AmFree and the State of Iowa—seek review of a final rule published by DOE in response to that remand order. *Petroleum-Equivalent Fuel Economy Calculation*, 91 Fed. Reg. 553 (Jan. 8, 2026). The January rule re-established the petroleum-equivalency factor by reverting to the 2000 regulatory text, thereby retaining the 1.0/0.15 fuel content factor. Petitioners brought this challenge because DOE readoption of the fuel content factor in a new final rule is in direct contravention of this Court's holding in *Wright*.

6. DOE appears to have conceded its mistake. On February 19, 2026, the agency published an interim final rule that substantially supersedes the January rule and alters the regulatory framework. *See Petroleum-Equivalent Fuel Economy Calculation*, 91 Fed. Reg. 7810 (Feb. 19, 2026). The February interim final rule immediately removes the fuel content factor from the calculation of the petroleum-equivalency factor, explicitly noting that the removal of the fuel content factor is "consistent with" this Court's decision in *Iowa*. *See id.* Furthermore, DOE formally announced its intent to propose additional revisions to the petroleum-equivalency factor in a forthcoming notice of proposed rulemaking, *id.*, as also required by the Court's holding in *Wright*, 154 F.4th at 950 & n.9 (holding that DOE's 2024 rule

3

"violated [the APA's] notice-and-comment procedures" and "remand[ing] … to DOE for 'further consideration.'").

7. The parties request that this Court hold these consolidated cases in abeyance for 60 days. Under the current consolidated briefing schedule, the agency is required to file the administrative record by March 16, 2026, and Petitioners are required to file their opening briefs and appendices by March 30, 2026.

8. Proceeding with the current briefing schedule would be an inefficient use of the Court's and the parties' resources. A 60-day abeyance will provide Petitioners with the necessary time to consider next steps in their consolidated challenges, including potential voluntary dismissal. Abeyance also would conserve judicial resources since further litigation may prove unnecessary.

9. Counsel for Petitioners have consulted counsel for the Respondents regarding this motion: Respondents do not oppose the requested relief.

For these reasons, Petitioners respectfully request that the Court hold these consolidated cases in abeyance for 60 days pending Petitioners' consideration of next steps.

Dated: February 25, 2026               Respectfully submitted,

                                       /s/ Michael B. Buschbacher
                                       Michael B. Buschbacher
                                       James R. Conde
                                       Laura B. Ruppalt
                                       Boyden Gray PLLC
                                       800 Connecticut Avenue NW
                                         Suite 900
                                       Washington, DC 20006
                                       202-955-0620

                                       *Counsel for Petitioner American Free Enterprise Chamber of Commerce*


                                       /s/ Eric Wessan
                                       Brenna Bird
                                       *Attorney General of Iowa*
                                       Eric Wessan
                                       *Solicitor General*
                                       Patrick C. Valencia
                                       *Deputy Solicitor General*
                                       1305 E. Walnut Street
                                       Des Moines, Iowa 50319
                                       (515) 823-9117

                                       *Counsel for Petitioner State of Iowa*

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), the undersigned certifies that this motion:

(i) complies with the type-volume limitation in Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 696 words; and

(ii) complies with the typeface and type style requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because this motion has been prepared in a proportionally spaced typeface using Microsoft Office Word in 14-point Times New Roman.

*/s/ Michael B. Buschbacher*
Michael B. Buschbacher

# CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Michael B. Buschbacher*
Michael B. Buschbacher